**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4547**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

         v.

WILLIAM ODELL DUELL, JR.,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.   Frank D. Whitney, District Judge.  (3:09-cr-00055-FDW-1)

Submitted:  January 31, 2012          Decided:  February 3, 2012

Before WILKINSON, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Faith Bushnaq, BUSHNAQ LAW OFFICE, PLLC, Charlotte, North Carolina, for Appellant.   Anne M. Tompkins, United States Attorney, Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Odell Duell, Jr., pled guilty to ten counts of securities fraud, 18 U.S.C. § 513(a) (2006) (Counts 1-10), and one count of wire fraud, 18 U.S.C.A. § 1343 (West Supp. 2011) (Count 11), and was sentenced to a term of thirty-four months' imprisonment. Duell appeals his sentence, contending that the district court clearly erred in applying a two-level enhancement for use of sophisticated means. U.S. Sentencing Guidelines Manual § 2B1.1(b)(9)(C) (2010). We affirm.

Duell was the financial secretary of Statesville Avenue Presbyterian Church in Charlotte, North Carolina, from 2002 through 2005. While he held this position, he misappropriated 214 checks totaling $239,199.95. Duell used two accounts the church maintained with Bank of America: a general reserve account and a capital expense account. The minister and church Finance and Session Committees mistakenly believed that the capital expense account had been closed. Using online banking, Duell transferred money from the general reserve account to the capital expense account, then wrote checks from that account to his own business and forged the signatures of church members with check signing rights. To conceal the fraud, Duell omitted these transactions and associated overdraft charges from the financial statements he prepared and presented to the Finance and Session Committees. As a result, the cash

2

account balances represented in these statements were overstated.  Duell's conduct was discovered in an audit after he left the church.

Guidelines section 2B1.1(b)(9)(C) provides for a 2-level enhancement to a defendant's offense level if "the offense . . . involved sophisticated means."  The enhancement applies when a defendant employs "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense."  USSG § 2B1.1 cmt. n.8(B). Examples of sophisticated means include "hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts also ordinarily indicates sophisticated means."  Id.  The district court's determination that the defendant used sophisticated means is reviewed for clear error.  United States v. Kontny, 238 F.3d 815, 821 (7th Cir. 2001) (reviewing same issue in tax fraud case).

The district court determined at sentencing that Duell's conduct involved sophisticated means.  The court noted that Duell hid his assets and transactions by converting an existing legitimate account to his own illegitimate purposes, rather than by creating a corporate shell or new fictitious entity, but with the same motive; by creating false financial statements; and by forging signatures.

3

A defendant's offense of conviction may involve "sophisticated means" even if not every aspect of his scheme was complex or intricate. United States v. Edelmann, 458 F.3d 791, 816 (8th Cir. 2006). The enhancement applies if the "defendant's total scheme was undoubtedly sophisticated." Id. (internal quotation marks omitted); see United States v. Weiss, 630 F.3d 1263, 1279 (10th Cir. 2010) ("The Guidelines do not require every step of the defendant's scheme to be particularly sophisticated; rather, as made clear by the Guidelines' commentary, the enhancement applies when the execution or concealment of a scheme, viewed as a whole, is especially complex or especially intricate." (internal quotation marks omitted)); see also United States v. Ghertler, 605 F.3d 1256, 1267 (11th Cir. 2010) (no requirement that defendant's individual actions be sophisticated); United States v. Jackson, 346 F.3d 22, 25 (2d Cir. 2003) (concluding a credit card fraud scheme linking unelaborate steps in a coordinated way to exploit the vulnerabilities of the banking system was "sophisticated").

Duell contends that no aspect of his scheme was complex or intricate and that, taken as a whole, the scheme was not complicated. However, Duell took deliberate steps to make his offense difficult to detect over a period of years. Such efforts amount to use of sophisticated means. Kontny, 238 F.3d

4

at 820-21.  On balance, we cannot say that the district court clearly erred in applying the enhancement.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED